UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>             Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS and REHABILITATION, *et al.*,<br><br>             Defendants. | Case No. 1:11-cv-01587-RRB<br><br>**ORDER DENYING RECONSIDERATION**<br>**[MOTION AT DOCKET 14]** |

At **Docket 14** Robert Coleman, a state prisoner appearing *pro se* and *in forma pauperis*, has moved for reconsideration of the Court's Order dismissing his complaint without leave to amend.[1] Concurrently with his motion Coleman filed a request for judicial notice.[2] The fact that it does not qualify as "newly discovered" evidence notwithstanding, the Court grants Coleman's request and takes judicial notice of the additional documents submitted.[3]

The thrust of Coleman's argument is two-fold. First, Coleman argues that, because he is a member of a class action brought against officials of the State, he is a member of a "protected class" within the scope of the Fourteenth Amendment. Second, Coleman

---

[1] Docket 12.

[2] Docket 14.

[3] (1) 2006 Interdisciplinary Progress Note; (2) 2009 Interdisciplinary Progress Note; (3) 2010 Interdisciplinary Progress Note; and (4) 2011 Interdisciplinary Progress Note.

argues that the Court erred in not permitting him to amend to correct the deficiencies in his Complaint.

Because Coleman's motion was brought within 28 days after entry of judgment, it is treated as a motion brought under Federal Rule of Civil Procedure 59(e).[4] This Court may grant relief under Rule 59(e) under limited circumstances: (1) an intervening change of controlling authority; (2) new evidence has surfaced; or (3) the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[5] Plaintiff's pending motion raises solely the third ground. For the following reasons the Court rejects Coleman's arguments.

First, the mere fact that a plaintiff may properly be a member of the class bringing a class action lawsuit does not also make that person a member of a "protected class" within the scope of the Fourteenth Amendment. To be a member of a class for the purpose of a class action lawsuit, the person need only hold a claim that involves questions of law and fact common to the class and is typical of the class as a whole.[6] In rejecting Coleman's equal protection claim this Court determined that Coleman was neither a member of a "protected class" for the purpose of the Fourteenth Amendment nor, under the facts pleaded, was he being treated differently than other similarly situated prisoners.

---

[4] *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

[5] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

[6] Fed. R. Civ. P. 23(a); *see Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165–66 (9th Cir. 2014) (explaining the applicability of Rule 23).

Nothing in Coleman's motion addresses this determination, let alone meets the requirement for reconsideration, i.e., that it is clearly erroneous.

The additional documentation submitted by Coleman does support his contention that he has been clinically diagnosed as having suicidal tendencies and has more likely than not at least threatened suicide on more than one occasion. On the other hand, other than the May 2006 Interdisciplinary Progress Note, which states "V. Ad Seg placement contributes to impulsive/compulsive bx,"[7] nothing in the clinical documentation provided suggests that his confinement in a SHU at Corcoran State Prison somehow either created or intensified this suicidal ideation sufficiently to constitute a viable deliberate indifference claim cognizable under the Eighth Amendment. In short, nothing in the clinical documentation provided, whether originally or in conjunction with the pending motion, comes close to establishing that the Court's prior disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.

Accordingly, Plaintiff's Motion for Reconsideration at **Docket 14** is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of December, 2014

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[7] Docket 15, p. 15.

ORDER DENYING RECONSIDERATION [MOTION AT DOCKET 14]
*Coleman v. CDCR*, 1:11-cv-01587-RRB – 3